Tom W. Stonecipher
Matt J. Kelly
Tarlow & Stonecipher, PLLC
1705 West College Street
Bozeman, MT   59715-4913
Phone:        (406) 586-9714
Facsimile:    (406) 586-9720
tstonecipher@lawmt.com
mkelly@lawmt.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WEH MAGIC VALLEY HOLDINGS, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>EIH PARENT, LLC, and JAMES CARKULIS, an individual,<br><br>                         Defendants. | Case No. 6:15-cv-00050-SEH<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

# Table of Contents

Table of Authorities ............................................................................ iii

FACTUAL BACKGROUND ............................................................... 1

ARGUMENT ....................................................................................... 2

   I.  Motion to Dismiss Standard ...................................................... 2

   II.  Choice of Law ............................................................................ 3

   III.  Plaintiff's Claim Against EIH and Carkulis for Breach of a Fiduciary Duty fails to state a claim upon which relief may be granted ......................................... 4

   IV.  Plaintiff's Claim Against EIH and Carkulis for Fraud fails to state a claim upon which relief may be granted ........................................................ 7

      a.  Pleading Standard for Claims of Fraud ............................................ 7

      b.  Plaintiff's Complaint Fails to Plead Fraud With the Particularity Required Under Rule 9(b) ....................................................... 8

         i.  Required Elements for Fraud Claim ............................................ 9

         ii.  Plaintiff's Complaint Contains Insufficient Allegations of Who, What, When, Where, and How ....................................................... 10

   V.  Plaintiff Fails to State Any Claim Against Carkulis, Individually, Upon Which Relief May Be Granted ............................................... 12

      a.  Montana Law ........................................................................ 12

      b.  New York Law ...................................................................... 15

CONCLUSION .................................................................................. 19

CERTIFICATE OF COMPLIANCE ................................................. 20

CERTIFICATE OF SERVICE .......................................................... 21

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page ii

# Table of Authorities

## Cases

*Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012)............................................................3

*Am. Int'l Grp., Inc. v. Greenberg*, 23 Misc. 3d 278, 877 N.Y.S.2d 614 (N.Y. Sup. 2008) .............................................................................................................................5

*Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009).......................................................2, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).............................................2

*Bowles v. Errico,* 163 A.D.2d 771, 558 N.Y.S.2d 734 (N.Y. App. Div. 1990). .....20

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047 (9th Cir. 2011). ............................................................................................................... 10, 11

*D'Mel & Associates v. Athco., Inc.,* 105 A.D.3d 451, 963 N.Y.S.2d 65 (N.Y. App. Div. 2013). ...........................................................................................................23

*EBC I, Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26 (NY C.A. 2005). ......... 4, 5, 7

*Faulkner v. Arista Records LLC*, 602 F. Supp.2d 470 (S.D.N.Y. 2009)..................6

*Flagstone Development, LLC v. Joyner,* 2010 WL 1780093 (D. Mont. April 29, 2010). ...................................................................................................................18

*Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 948 N.Y.S.2d 263 (N.Y. App. Div. 2012). .............................................................................................................................22

*Gate Technologies, LLC v. Delphix Capital Markets, LLC*, 2013 WL 3455484 (S.D.N.Y. July, 9, 2013)........................................................................................4

*Goldberg v. BAC Home Loans Servicing, LP,* 2013 WL 4501014 (S.D.Cal. 2013).9

*Gottehrer v. Viet-Hoa Co.,* 170 A.D.2d 648, 567 N.Y.S.2d 71 (N.Y. App. Div. 1991). ...................................................................................................................23

*Grammas v. Lockwood Associates, LLC,* 95 A.D.3d 1073, 944 N.Y.S.2d 623 (N.Y. App. Div. 2012). .................................................................................................20

*Haire v. Bonellil,* 57 A.D.3d 1354, 870 N.Y.S.2d 591 (N.Y. App. Div. 2008). .....22

*James v. Loran Realty V Corp.,* 85 A.D.3d 619, 925 N.Y.S.2d 492 (N.Y. App. Div. 2011). ...................................................................................................................23

*Kearns v. Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009). ....................................9

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page iii

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)......................................................3

*Krone v. McCann,* 197 Mont. 380, 642 P.2d 584 (1982). ......................................11

*Little v. Grizzly Mfg.,* 195 Mont. 419, 636 P.2d 839 (1981)...................................16

*Muller-Paisner v. TIAA*, 289 Fed. Appx. 461 (2nd Cir. 2008)..........................6, 7

*People v. Apple Health and Sports Clubs, Ltd., Inc.,* 206 A.D.2d 266 613 N.Y.S.2d 868 (N.Y. App. Div. 1994)..............................................................................23

*Phillips v. Montana Ed. Ass'n.,* 187 Mont. 419, 610 P.2d 154 (1980)...................17

*Retropolis, Inc. v. 14th Street Development LLC,* 17 A.D.3d 209, 797 N.Y.S.2d 1 (N.Y. App. Div. 2005)...........................................................................................19

*Salameh v. Tarsadia Hotel,* 726 F.3d 1124 (9th Cir.2013). .....................................9

*Seattle–First Nat'l Bank v. Carlstedt,* 800 F.2d 1008 (10th Cir. 1986)..................10

*Smith v. Delta Intern. Machinery Corp.,* 69 S.D.3d 840, 893 N.Y.S.2d 580 (N.Y. App. Div. 2010). .................................................................................................22

Sony Music Entertainment, Inc. v. Robison, et al., 2002 WL 272406 (S.D.N.Y. Feb. 26, 2002). .....................................................................................................6

*Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003). ................. 9, 10, 14

*Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460 N.Y.S.2d 552 (N.Y. App. Div. 1983).........................................................................................21

*Weaver v. Tri-County Implement, Inc.,* 2013 MT 309, 372 Mont. 267, 311 P.3d 808. .......................................................................................................................15

*Williams Oil Co., Inc. v. Randy Luce E-Z Mart One, LLC,* 302 A.D.2d 736, 757 N.Y.S.2d 341 (N.Y. App. Div. 2003).................................................................19

## Statutes

Mont. Code Ann. § 35-8-304.............................................................................. 12, 13

N.Y. Ltd. Liab. Co. Law § 609 (McKinney 2015). ................................................16

## Rules

Fed. R. Civ. P. 9(b) ................................................................................................1,7

Fed. R. Civ. P. 12(b)(6)..........................................................................................1,2

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page iv

Defendants EIH Parent, LLC ("EIH") and James Carkulis file this Brief in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).  Defendants seek dismissal of Plaintiff's claim of Breach of Fiduciary Duty, Plaintiff's claim of Fraud, and Carkulis as an individual defendant.

## FACTUAL BACKGROUND

On May 29, 2015, Plaintiff WEH Magic Valley Holdings, LLC ("WEH") filed its Complaint against Defendants EIH and Carkulis in this Court seeking relief for claims of breach of contract, breach of fiduciary duty, and fraud.

WEH's Complaint arises out of a commercial transaction where WEH purchased 99% of EIH's interest in Exergy Idaho Holdings, LLC ("Exergy"). (Pl.'s Comp., Doc. 1, ¶ 1.)  WEH and EIH entered into and closed on a Purchase and Sale Agreement ("PSA") on the same day, or about August 1, 2014 (Doc. 1, ¶ 11.)  WEH claims that it based its purchase price of Exergy, in part, on representations by EIH and Carkulis that Exergy would be receiving a distribution of its share of so-called "Supplemental Reserves" as early as 2015.  (Doc. 1, ¶ 18.)  Such Reserves ended up being distributed to Exergy in June 2014, prior to the parties' execution of and closing on the PSA.  (Doc. 1, ¶ 19.)  WEH claims that it was unaware of this distribution when it signed the PSA and moved forward with the purchase of Exergy.  (Doc. 1, ¶ 19.)  The PSA does not refer specifically to the Supplemental Reserve.

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 1

As stated by Plaintiff in its Complaint, Carkulis was the President of EIH and Exergy at all times material to the transaction.  (Doc. 1, ¶ 2.)   Carkulis signed the PSA in his capacity as President of EIH.  (Doc. 1-1.)  The transaction is one involving approximately $11.5 million (Doc. 1-1 at § 2.2.)  Even a cursory review of the PSA reveals that this is a sophisticated transaction.

**ARGUMENT**

### I.   Motion to Dismiss Standard

A cause of action must be dismissed when it fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must state sufficient facts to show that the legal allegations are not just possible, but plausible.  *See Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009).  A claim meets this "facial plausibility" standard when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 663.

A court ruling on a motion to dismiss under Rule 12(b)(6) must accept all allegations contained in the complaint as true and construe the pleadings in a light most favorable to the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1172

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 2

(9th Cir. 2005).  In addition to the allegations contained in the pleadings, a court may also consider exhibits attached to the Complaint and matters properly subject to judicial notice.  *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).  In this case, the Court may look to the PSA, attached to Plaintiff's Complaint as Exhibit 1.

## II.   Choice of Law

The PSA contains a "Governing Law" provision that provides that the Agreement and any instrument or agreement required by it shall be governed by New York Law.  (Doc. 1-1 at § 9.5.)

Because Plaintiff's breach of fiduciary duty claim could be based upon contractual duties of EIH, Defendants use New York law in support of its dismissal of such an action.  Plaintiff's fraud claim is not based on any contractual duty, and Defendants support their arguments for dismissal of the fraud claim with Montana Law.[1]  The question of whether a valid claim has been stated against Carkulis, individually, under any count is analyzed under the law of both states.

---

[1] The PSA also contains a "Consent to Jurisdiction" provision that provides that any action arising out of the PSA shall be brought exclusively in the District Court for the Northern District of California or the courts of the State of California, in San Francisco.  (Doc. 1-1 at § 9.5.)  Plaintiffs filed this Action in the District of Montana, presumably to achieve personal jurisdiction over Carkulis as an individual defendant.  As such, it seems that Plaintiffs have waived contractual choice-of-law provisions from applying to claims asserted against Carkulis as an individual.

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 3

### III.   Plaintiff's Claim Against EIH and Carkulis for Breach of a Fiduciary Duty fails to state a claim upon which relief may be granted

A claim for breach of fiduciary duty requires 1) the existence of a fiduciary duty between the parties; 2) a breach of that duty by Defendant; and 3) resulting damage to the Plaintiff.  *Gate Technologies, LLC v. Delphix Capital Markets, LLC*, 2013 WL 3455484 (S.D.N.Y. July, 9, 2013).

Parties to an arm's-length commercial transaction generally do not owe a fiduciary duty to each other.  *EBC I Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26, 31 (NY C.A. 2005).  "A fiduciary relationship exists between two persons [whenever] one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation."  *Id.* (citing Restatement (Second) of Torts § 874, cmt. a).  Such a relationship "is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions."  *Id.*

Absent a formally recognized fiduciary relationship, a plaintiff must "allege special circumstances or other peculiar facts that effectively transformed the parties' relationship into a fiduciary one."  *Am. Int'l Grp., Inc. v. Greenberg*, 23 Misc. 3d 278, 289-90, 877 N.Y.S.2d 614, 624 (N.Y. Sup. 2008) *aff'd,* 60 A.D.3d

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 4

483, 875 N.Y.S.2d 39 (N.Y. App. Div. 2009).   Courts consider various factors in determining whether a fiduciary relationship exists.   Such factors include the nature of the relationship between the parties, whether the alleged fiduciary appeared to have unique or special expertise, whether the alleged fiduciary was aware of the use to which information would be put, and the purpose for which the information was supplied.   *Muller-Paisner v. TIAA*, 289 Fed. Appx. 461, 465 (2nd Cir. 2008).   Applying these factors, courts have found that even in commercial transactions where one party has superior bargaining power, a fiduciary relationship will not rise in an arm's length transaction.   *Sony Music Entertainment, Inc. v. Robison, et al.,* 2002 WL 272406, at *3 (S.D.N.Y. Feb. 26, 2002) (quoting *Savage Records Group, N.V. v. Jones,* No. 600814/95 at 6–7 (N.Y. Sup. Ct. July 17, 1997), *aff'd,* 667 N.Y.S.2d 906 (N.Y. App. Div. 1998)). Similarly, Courts applying New York law have also held that even allegations that the parties in an arm's length transaction shared a "long and enduring relationship . . . of trust and confidence" are insufficient to survive a motion to dismiss. *Faulkner v. Arista Records LLC*, 602 F. Supp.2d 470, 482 (S.D.N.Y. 2009).

Courts have allowed claims of a breach of a fiduciary duty to proceed to a fact-finder in cases where a Plaintiff is justified in relying on a Defendant's

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 5

"special expertise" and does so rely.  These cases, however, involve relationships

different from that of sophisticated commercial buyers and sellers.  For example,

*Muller-Paisner* involved advice from a financial advisor to unsophisticated

consumers.  *Muller-Paisner*, 289 Fed. Appx. at 462.  In *EBC I.*, the relationship at

question was between an issuer of stock and underwriter.  832 N.E.2d at 28.

Plaintiff EBC alleged that it relied on Defendant Goldman Sachs' expert advice in

pricing their public offering.  *Id.* at 30.  The Court found that such reliance was

justified because the relationship involved Goldman Sachs receiving profit from

the selling of securities, leading the issuer to believe that their interests were

aligned when in reality Goldman Sachs had a conflict of interest.  *Id.* at 32.  The

Court specifically contrasted such a relationship from that of a typical buyer and

seller where no rational party would place trust in the others opinion regarding

pricing "given the parties' opposing interests."  *Id.* at 32.

    Here, Plaintiff has failed to plead sufficient facts to establish the plausibility

of the existence of a fiduciary duty.  In its Complaint, WEH describes the

relationship between it and EIH (including Carkulis) as that between buyer and a

seller of a business.  (Doc. 1, ¶¶ 1, 11.)  All counts in the Complaint arise out of

"the negotiation, execution and performance of the PSA between Buyer and

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 6

Seller." (Doc. 1, ¶ 1.) Plaintiff's claim of a breach of fiduciary duty is based on an alleged withholding of information regarding the Supplemental Reserves by EIH and Carkulis during the negotiation process. (Doc. 1, ¶¶ 35-39.)

Taking the allegations in the pleading as true, Plaintiff's relationship with Defendants was nothing more than that of an ordinary buyer dealing with a seller in an arm's length commercial transaction for which there was no fiduciary duty. Plaintiff's complaint does not allow the court to "draw the reasonable inference" that a special relationship of "trust or confidence" existed between EIH and WEH so as to impose an affirmative duty for EIH or Carkulis to give pricing advice to WEH. Accordingly, WEH's fiduciary duty claim should be dismissed.

## IV. Plaintiff's Claim Against EIH and Carkulis for Fraud fails to state a claim upon which relief may be granted

### a. Pleading Standard for Claims of Fraud

Federal Rule of Civil Procedure 9(b) requires that claims of fraud "must state with particularity the circumstances constituting fraud[.]" *See Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Salameh,* 726 F.3d at 1133 (quoting *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003)). Any claim that "sound[s] in fraud" must also comply with the particularity

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 7

requirements of Rule 9(b). *Goldberg v. BAC Home Loans Servicing, LP,* 2013 WL 4501014, *4 (S.D.Cal. 2013) (citing *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009)).  To satisfy the particularity standard a pleading must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'"  *Salameh,* 726 F.3d at 1133 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011)).

Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.  *Seattle– First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir.1986) ("The dismissal of a complaint or counterclaim for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Fed. [R.] Civ. P. 12(b)(6).").  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107-08 (9th Cir. 2003).

### b.  Plaintiff's Complaint Fails to Plead Fraud With the Particularity Required Under Rule 9(b)

As stated above, to satisfy the particularity standard, a pleading must "identify the who, what, when, where, and how of the misconduct charged, as well

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 8

as what is false or misleading about the purportedly fraudulent statement, and why

it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047,

1055 (9th Cir. 2011).

> ### i.    Required Elements for Fraud Claim

Before entering into the analysis regarding the who, what, when, where, and

how, it is first necessary to analyze "the misconduct charged."  Under Montana

law, fraud is defined as:

> (1) a representation; (2) falsity of the representation; (3) materiality of
> the representation; (4) speaker's knowledge of the falsity of the
> representation, or ignorance of its truth; (5) speaker's intent that it
> should be relied upon; (6) the hearer's ignorance of the falsity of the
> representation; (7) the hearer's reliance on the representation; (8) the
> hearer's right to rely on the representation; and, (9) consequent and
> proximate injury was caused by reliance on the representation.

*Krone v. McCann,* 197 Mont. 380, 387, 642 P.2d 584, 587–88 (1982).

As to the elements of fraud which are pled without particularity in the

Complaint, the specific claim for fraud merely states: "Carkulis['s] diversion of the

Reserves and his concealment of the facts surrounding his diversion of the

Reserves were intended to and did deceive WEH. . . Carkulis's diversion of the

assets and concealment of the facts were fraudulent as to WEH, and damaged

WEH."  (Doc. 1, ¶ 42.)  Other sections of the Complaint which perhaps can be said

to allege fraudulent conduct are that "Carkulis intentionally concealed from WEH

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 9

diversion of the money, and misled WEH as to the change in financial condition of Exergy and EIH" (Doc. 1, ¶ 19), and that "[t]he early distribution to Exergy of its portion of the Supplemental Reserves was a matter that was required to be set forth on Seller's Disclosure Schedules."  (Doc. 1, ¶ 31.)

### ii.    Plaintiff's Complaint Contains Insufficient Allegations of Who, What, When, Where, and How

Generally, the "Who" of the allegations is clear – Defendant James Carkulis. Problematically though, for the purposes of Fed. R. Civ. P. 9, is the lack of any specificity as to Carkulis's alleged conduct.  There are no allegations as to anything Carkulis specifically did, or specifically said, only averments that his conduct was fraudulent: "Carkulis's diversion of assets and concealment of facts . . ." (Doc. 1, ¶ 42.); "Carkulis intentionally concealed  . . ." (Doc. 1, ¶ 19.); or "Carkulis failed to disclose . . ." (Doc. 1, ¶ 6.).  All of these allegations fail to link any specific action to Carkulis such that his responsive pleading may accurately respond to the allegation – as required by Fed. R. Civ. P. 9. Notably, none of these allegations tie Carkulis's alleged actions to his individual conduct – instead of conduct undertaken as an agent of Defendant EIH Parent, LLC.

The "What" allegations of Plaintiff's claim for fraud are similarly deficient. None of the allegations identify any particular action or actions taken by Defendant

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 10

Carkulis.  There are allegations relating to Defendant EIH Parent, LLC, but the claim of fraud is made against Defendant James Carkulis.  The failure to identify and allege "What" fraudulent actions Defendant James Carkulis engaged in is a failure to allege fraud with the particularity required by Fed. R. Civ. P. 9.

Because no specific "What" conduct has been pled by Plaintiff, it follows that Plaintiff's allegations of "When" do not comply with the requirements of Fed. R. Civ. P. 9.  Logically, the "When" of any alleged conduct must have occurred between the distribution of the Supplemental Reserves on June 30, 2014 and the date of closing, August 1, 2014.  (Doc. 1, ¶¶ 14, 19).  Merely narrowing the time period through a careful reading of the allegations still does not plead against Defendant Carkulis the particularity required by the Federal Rules because Plaintiff has not identified the actual "What" conduct.  For the same reasons, Plaintiff's pleading fails to provide a "Where" regarding any allegations of fraud that comport with the Federal Rules.

Finally – and most importantly for the analysis – Plaintiff fails to plead any "How" conduct with particularity.  The "How" of any conduct alleged against Defendant Carkulis is the most important allegation, as it would allow Defendant Carkulis to respond to claims of fraud.  Without the "How" allegations, there is no

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 11

particularity sufficient to satisfy the pleading requirements of Fed. R. Civ. P. 9.
*See Vess,* 317 F.3d at 1107.

Plaintiff has not come close to alleging with the specificity required a claim for fraud here.  This claim against Carkulis should, accordingly, be dismissed.

## V.     Plaintiff Fails to State Any Claim Against Carkulis, Individually, Upon Which Relief May Be Granted

The Complaint does not contain sufficient facts to demonstrate the individual liability of Carkulis for either a breach of fiduciary duty or fraud.  The Complaint must show more than a "mere possibility," *Iqbal*, 129 S. Ct. at 1949, and it does not do so for either claim.

### a.  Montana Law

A member or manager is not liable for the debts, obligations and liabilities of the company simply because of the agency.  Mont. Code Ann. § 35-8-304.  Accordingly, Carkulis cannot be held liable simply because he is an officer of EIH.  He is protected by § 35-8-304, which provides in part:

> (1)…a person who is a member or manager, or both of a limited liability company is not liable, solely by reason of being a member or manager, or both…

Here, Carkulis was the President of the EIH and Exergy during "all times material," (Doc. 1, ¶ 2.), and Plaintiffs make no allegation of actions taken not as President of EIH and Exergy.

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 12

Carkulis would not be protected by Mont. Code Ann. § 35-8-304, if he was simply the alter ego of EIH.  The law in Montana is that if a member or manager of an LLC operates an LLC as an empty shell to perpetuate fraud and avoid personal responsibility, then the corporate shield can be pierced.  *See Weaver v. Tri-County Implement, Inc.,* 2013 MT 309, ¶¶ 17-19, 372 Mont. 267, 273, 311 P.3d 808, 812. That is not the case here.

In order for WEH to have a claim against Carkulis, upon which relief could be granted, WEH would at least have to allege in its Complaint that EIH was simply an "alter ego" of Carkulis.  *See Little v. Grizzly Mfg.,* 195 Mont. 419, 424, 636 P.2d 839, 842 (1981).  Such an allegation is not found in the Complaint.  WEH has not alleged that EIH was defectively formed or formed with the intent to avoid personal liability of Carkulis.

The exception to this rule is if the officer personally committed a tort and was not acting within the course and scope of role as President.  Carkulis's behavior, even if accurately described in the Complaint, does not constitute an actionable tort allegation against him.  WEH has not alleged any evidence in the Complaint to support a finding that Carkulis personally committed a tort. (See Sections III, IV, addressing the claims of fraud and breach of fiduciary duty against Carkulis.)  All of Carkulis's representations were made in his capacity as President

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 13

of EIH or Exergy.  In fact WEH confirms that at all times, Carkulis was the President of EIH and Exergy.  (Doc. 1, ¶ 1.)  There are no allegations in the Complaint that he acted as otherwise.  In *Little*, the Court found that the corporate officer's motion to dismiss should have been granted because no allegations of evidence of a personal tort were made in the Complaint.  *Little,* 195 Mont. at 424.  Similarly, this motion to dismiss should be granted.

WEH has the burden of proving that the actions taken by Carkulis were not taken in furtherance of corporate purposes and interests.  *Phillips v. Montana Ed. Ass'n,* 187 Mont. 419, 426, 610 P.2d 154 (1980).  An officer or director is personally liable only when he or she acts for their own pecuniary benefit, or with the intent to harm the plaintiff.  *Id.*  The *Phillips* Court reasoned, "The privilege of limited liability should be applicable in those situations where actions are motivated and taken in the furtherance of corporate purposes, policies and interests."  *Id.*

WEH does not make any allegations that Carkulis acted with the intent to harm WEH or that he acted for his own pecuniary benefit, with the exception of the Supplemental Reserve distribution.  That allegation is weak and should not withstand this motion to dismiss.  It reads, "… Exergy's portion of the Reserves was diverted to Carkulis, or to persons or entities owned by Carkulis or on whose

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 14

behalf he owed an obligation." (Doc. 1 at ¶ 21.) WEH does not allege that Carkulis, himself, diverted the Supplemental Reserve. In fact, WEH includes a contradictory allegation stating that Carkulis stated that he was unaware of the Supplemental Reserve Distribution and that the money had been paid to a creditor of EIH and that the money was gone. (Doc. 1, ¶ 24.)

WEH does not allege that Carkulis acted in any way other than as President of EIH and Exergy. Montana law has consistently held that claims against an individual should be dismissed when that individual was acting as an agent of a principal. *Flagstone Development, LLC v. Joyner,* 2010 WL 1780093 at *1 (D. Mont. April 29, 2010). WEH does not allege in the Complaint that Carkulis was acting for his own personal benefit. Consequently, under Montana Law, all claims against him, individually, should be dismissed.

### b. New York Law

Under New York law, members, managers and agents of limited liability companies are shielded from liability. The relevant statute states, in part:

> (a) Neither a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company … is liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or acting … in such capacities or participating … in the conduct of the business of the limited liability company.

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 15

N.Y. Ltd. Liab. Co. Law § 609 (McKinney 2015).

The doctrine of piercing the corporate veil applies to limited liability companies. *Retropolis, Inc. v. 14th Street Development LLC,* 17 A.D.3d 209, 210, 797 N.Y.S.2d 1 (N.Y. App. Div. 2005). In order to pierce the corporate veil in New York, WEH would have to show that Carkulis exercised complete domination over EIH with respect to the subject transaction, and that such domination was used to commit a fraud or a wrong. *See Williams Oil Co., Inc. v. Randy Luce E-Z Mart One, LLC,* 302 A.D.2d 736, 740, 757 N.Y.S.2d 341, 345 (N.Y. App. Div. 2003). The factors that New York courts examine when determining this domination issue are:

> (1)Domination and control over corporation by those held liable which is so complete that the corporation has no separate mind, will or existence of its own; (2) use of this domination and control to commit fraud or wrong or any other dishonest or unjust act; and (3) injury or unjust loss resulting to plaintiff from said control and wrong.

*Bowles v. Errico,* 163 A.D.2d 771, 773, 558 N.Y.S.2d 734, 736 (N.Y. App. Div. 1990). Other factors that courts in New York consider are failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds. *Grammas v. Lockwood Associates, LLC,* 95 A.D.3d 1073, 1075, 944 N.Y.S.2d 623, 626 (N.Y. App. Div. 2012). In *Grammas,* the court reversed

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 16

the lower court's dismissal of claims against an individual because in that case, the individual sued had formed the limited liability corporation for the purpose of developing real property and sold it after the sale of the property and that individual was the only managing member of the LLC.  *Id.*   The Plaintiff in that case alleged in the complaint that the individual and the LLC were alter egos of one another.  WEH does not allege these factors in its Complaint.  It states no allegations that Carkulis dominated EIH or that EIH failed to follow LLC formalities.

Like Montana, New York courts have consistently held that a plaintiff must allege that the limited liability corporation is a sham formed to further a defendant's own personal business in order to pierce the corporate veil.  WEH does not make this allegation against Carkulis.  Consequently, Carkulis should be protected by the limited liability corporation for which he is an agent.

New York Courts also dismiss liability claims against individuals when they are acting on behalf of the corporation or limited liability corporation that they represent as corporate officers or managers.  *Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 836, 460 N.Y.S.2d 552, 557 (N.Y. App. Div. 1983).  As discussed in the Montana law section above, WEH does not allege that Carkulis was acting outside of his scope as President of EIH.

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 17

A member of a limited liability company may only be held personally liable for participating in a tort if such a remedy is necessary to prevent fraud or to achieve equity. *Smith v. Delta Intern. Machinery Corp.,* 69 S.D.3d 840, 842, 893 N.Y.S.2d 580, 583 (N.Y. App. Div. 2010).

However, there is an exception in New York allowing an individual member of officer of a limited liability company to be held liable regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced, if the corporate officer commits a tort. *Haire v. Bonellil,* 57 A.D.3d 1354, 1357, 870 N.Y.S.2d 591, 594 (N.Y. App. Div. 2008) ; *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 948 N.Y.S.2d 263 (N.Y. App. Div. 2012) (court dismissed claims against individuals for breach of fiduciary duty because the Complaint failed to adequately plead violations of the individual corporate directors). The situations wherein individual liability of a limited liability corporate officer or corporate officer for a tort committed are quite extreme. For example in *People v. Apple Health and Sports Clubs, Ltd., Inc.,* 206 A.D.2d 266, 267, 613 N.Y.S.2d 868, 870 (N.Y. App. Div. 1994), the individual held liable for fraud was the 50% owner and eventual sole executive director of the corporation, who had personally refused to protect the members of the corporation. That case is distinguishable also in that the members of the

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 18

corporation were suing an owner and officer of the corporation.  WEH did not include allegations such as this in its Complaint.  Many New York courts have declined to pierce the corporate veil and hold an individual liable for a tort.  *See James v. Loran Realty V Corp.,* 85 A.D.3d 619, 925 N.Y.S.2d 492 (N.Y. App. Div. 2011); *D'Mel & Associates v. Athco., Inc.,* 105 A.D.3d 451, 963 N.Y.S.2d 65 (N.Y. App. Div. 2013); and *Gottehrer v. Viet-Hoa Co.,* 170 A.D.2d 648, 567 N.Y.S.2d 71 (N.Y. App. Div. 1991).

Because WEH fails to plead sufficient facts to impose personal liability against Carkulis, WEH's claims against Carkulis should be dismissed, whether they are analyzed under New York or Montana law.

## CONCLUSION

This Court should dismiss counts two and three of Plaintiff's Complaint and dismiss Carkulis as a Defendant to this suit.  Plaintiff's Complaint fails to plead facts sufficient to make a claim for breach of a fiduciary duty plausible, to plead fraud with sufficient particularity, or allege facts sufficient to support a claim against Carkulis individually.  For the foregoing reasons, Defendants request that this Court grant their Motion to Dismiss.

//

//

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 19

RESPECTFULLY SUBMITTED this 6th day of August, 2015.

By */s/ Tom W. Stonecipher*
Tom W. Stonecipher
Matt J. Kelly
TARLOW & STONECIPHER, PLLC
1705 West College Street
Bozeman, MT   59715-4913
Phone:          (406) 586-9714
Facsimile:     (406) 586-9720
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for EIH hereby certifies that this Brief complies

with Local Rule 7.1(d)(2)(A) and (E).  This Brief is double-spaced, and is

proportionately spaced utilizing 14-point Times New Roman typeface.  The word

count is 4,442, exclusive of certificates, as calculated by Word.

*/s/ Tom W. Stonecipher*
Tom W. Stonecipher

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 20

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, a true and correct copy of this document was served on the following person(s) by:

_1,2,3      CM/ECF
_____       Hand Delivery
_____       Mail
_____       Overnight Delivery Service
_____       Fax
_____       E-Mail

1. Clerk of U.S. District Court

2. Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
kim@bkbh.com

3. James D. Benak
Tetzlaff Law Offices, LLC
227 West Monroe Street, Suite 3650
Chicago, IL 60606
jbenak@tezlafflegal.com

*Attorneys for Plaintiff*

/s/ Tom W. Stonecipher
Tom W. Stonecipher

*WEH Magic Valley Holdings, LLC v.*
*EIH Parent, LLC, et al*
Brief in Support of Motion to Dismiss
Page 21