Tom W. Stonecipher
Matt J. Kelly
Tarlow & Stonecipher, PLLC
1705 West College Street
Bozeman, MT   59715-4913
Phone:         (406) 586-9714
Facsimile:     (406) 586-9720
tstonecipher@lawmt.com
mkelly@lawmt.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WEH MAGIC VALLEY HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>EIH PARENT, LLC, and JAMES CARKULIS, an individual,<br>                              Defendants. | Case No. 6:15-cv-00050-SEH<br><br>**ANSWER TO COUNT I, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT EIH PARENT, LLC AND DEMAND FOR JURY TRIAL** |

Defendant EIH Parent, LLC ("EIH") responds to the Complaint filed against it by Plaintiff, WEH Magic Valley Holdings, LLC ("WEH"), as follows:

**Note:**  Defendant, James Carkulis, has filed a motion to dismiss all of the claims made against him in the Complaint and, accordingly, does not respond to its

allegations while that motion is being decided.  EIH has filed a separate motion to dismiss Count II of the Complaint and answers only Count I here.

## ANSWER

1.EIH admits that at times material to the allegations of the Complaint, Mr. Carkulis was President of EIH and Exergy (as defined in the Complaint).  The remaining allegations comprise Plaintiff's description of its actions and intentions in commencing this matter, to which a responsive pleading is not required.

2.EIH denies that Exergy owned a 10% interest in Idaho Wind Partners I, LLC and admits the remaining allegations of paragraph 2.

3.EIH admits the allegations of the first and last sentences of paragraph 3 and denies its remaining allegations.

4.EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 4.  EIH denies the remaining allegations of paragraph 4.

5.EIH admits that before the Sale Lenders directed that Supplemental Reserves be distributed and admits further that the lenders and Project Managing Member paid it out to owners of record when they did.  EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 5 and to the rationale offered described in the opening clause

of the third sentence as to why Buyer was not informed of distributions.  EIH denies the remaining allegations of paragraph 5.

      6.      EIH denies the allegations of paragraph 6.

      7.      EIH denies the allegations of paragraph 7.

      8.      EIH admits the allegations of the last two sentences of paragraph 8 and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 8.

      9.      EIH admits the allegations of paragraph 9.

      10.      EIH admits the allegations of paragraph 10.

      11.      EIH denies the allegations of the last sentence of paragraph 11 and admits the remaining allegations of paragraph 11.

      12.      EIH admits the allegations of paragraph 12.

      13.      EIH denies the allegations of the third sentence of paragraph 13 and admits its remaining allegations.

      14.      EIH denies the allegations of the first sentence of paragraph 14 and admits the remaining allegations of that paragraph.

      15.      EIH admits the allegations of the last sentence of paragraph 15 and denies its remaining allegations.

16.     EIH admits that to facilitate disclosures, it created a virtual Data Room.  EIH denies the remaining allegations of paragraph 16.

17.     EIH admits the allegations of the first two sentences of paragraph 17 except that it denies the allegation that it was IPC's decision to release the Supplemental Reserves.  EIH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.     EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph 18.  EIH denies the remaining allegations of paragraph 18.

19.     EIH denies that Mr. Carkulis was aware the distribution and had access to and control of Exergy's portion of the Supplemental Reserves.  EIH admits the remaining allegations of paragraph 19.

20.     EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 20.  EIH admits that neither it nor Mr. Carkulis notified WEH that funds had been released and distributed to Exergy.  EIH denies the remaining allegations of paragraph 20.

21.     EIH denies the allegations of paragraph 21.

22.     EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. EIH denies that there was an "ordinary distribution" and admits that Exergy's portion of the Supplemental Reserve was $583,868.39. EIH denies the remaining allegations of paragraph 23.

24. EIH denies the allegations of paragraph 24.

## Count I
## Breach of Contract Against EIH

EIH realleges it responses to the allegations of paragraphs 1 through 24 as its response to the reallegation of them by Plaintiff.

25. EIH admits that the quotation of Section 4.1.11 of the PSA is accurate. EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Buyer updated its forecasts of Exergy's expected future financial performance to reflect a 2015 distribution of the Supplemental Reserves. EIH denies the remaining allegations of paragraph 25.

26. EIH denies the allegations of paragraph 26.

27. EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. EIH admits that the quotation of Section 4.2.10.1 of the PSA is accurate.

29. EIH denies the allegations of paragraph 29.

30. EIH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. EIH admits that the quotation of Section 3.5.1 of the PSA is accurate. EIH denies the remaining allegations of paragraph 31.

32. EIH denies the allegations of paragraph 32.

33. EIH admits the allegations of the first sentence of paragraph 33 and admits that quotation of Section 6.2.5 of the PSA set forth there is accurate.

34. EIH admits all of the allegations of paragraph 34 except for the allegation that it has refused to make payment, which it denies.

## Count II
## Breach of Fiduciary Duty Against EIH and Carkulis

EIH and Mr. Carkulis have filed motions to dismiss the claims made against them in Count II pursuant to F.R,Civ.P. 12(b)(6).

## Count III
## Fraud Against Carkulis

Mr. Carkulis does not respond to the allegations of Count III of the Complaint, for he has moved, pursuant to F.R.Civ.P. 12(b)(6) to dismiss these claims against him.

//

//

## AFFIRMATIVE DEFENSES

1. The PSA was signed and the purchase transaction was closed August 1, 2014. Section 9.2 of the PSA provides that the Agreement superseded all prior agreements, and is a defense to WEH's claims against EIH.

2. Section 5.2 of the PSA provides that except for representations and warranties expressly set forth in Article 4 of the PSA, Seller (EIH) disclaims any representations or warranties of any kind with respect to the transaction as described in Section 5.2. Article 4 of the PSA does not mention the Supplemental Reserve Distribution that is the basis for WEH claims against EIH. Section 5.2 of the PSA is a defense to WEH's claims against EIH.

3. Any and all damages that might be awarded to WEH are limited the provisions of Section 9.12 of the PSA.

4. WEH has refused and failed to pay to EIH distributions WEH owes EIH pursuant to Article VI of the Amended and Restated Limited Liability Company Agreement of Exergy Idaho Holdings, LLC dated as of August 1, 2014. These amounts exceed the amount of reimbursement for third-party legal expenses EIH owed to WEH and completely offsets WEH's claim for that reimbursement as part of its breach of contract claim against EIH.

5.   As part of the purchase of interests in Exergy from EIH, WEH and EIH amended and restated the limited liability company agreement of Exergy, dated as of August 1, 2014.  In that agreement, WEH established an Annual Minimum and Annual Cap with respect to the amount of distributions it would be entitled to receive from distributions made to Exergy from calendar year 2014 through calendar year 2031.  WEH adjusted the Annual Minimum and the Annual Cap for 2015 to accommodate its anticipated receipt as a distribution Exergy's receipt of its share of the Supplemental Reserve Distribution.  The Amended and Restated Agreement does not mention the Supplemental Reserve Distribution that is the subject of WEH's Complaint.  To the extent WEH does not receive in 2015 the Annual Minimum it bargained for in this fashion (the difference being a "shortfall"), WEH will be paid that shortfall in succeeding years.  WEH will receive the amount of the payment of the Supplemental Reserve to Exergy it claims it expected to receive in 2015 through later distributions which will pay the shortfall, if any, WEH may experience in calendar year 2015.  As a result, WEH's claim for damages for breach of the PSA is either premature or illusory, in that it will be paid the money it claims it bargained for with respect to the Supplemental Reserve distribution in later years, and thus will suffer no compensable damages.

6.  WEH is not entitled to an award of attorneys' fees against EIH either under the PSA or by law.

## COUNTERCLAIM

For its counterclaim against Plaintiff, WEH Magic Valley Holdings, LLC, EIH Parent, LLC, states as follows (the abbreviations and shortened designations defined and used in the Complaint are used in this Counterclaim):

1.  As part of the agreement and the transaction by which EIH sold WEH 99% of EIH's interest in Exergy pursuant to the PSA, WEH and EIH agreed to amend the limited liability company agreement of Exergy.

2.  EIH and WEH signed an Amended and Restated Limited Company Agreement of Exergy dated as of August 1, 2014 (the "LLCA").

3.  Section 7.3 of the LLCA requires WEH to create and distribute to EIH quarterly and annual financial statements. In violation of the LLCA, WEH has failed and refused to do so.

4.  Article VI of the LLCA provides for the allocation of distributions between EIH and WEH received by Exergy pursuant to its ownership interests in IWP1.

5. Section 6.1(a) of the LLCA requires that Distributable Cash be distributed to EIH and WEH on each Distribution Date, when there is Distributable Cash available to be distributed to these Members on a Distribution Date.

6. Exergy has received Distributable Cash from IWP1 at the end of the third and fourth quarters of calendar year 2014 and at the end of the first and second quarters of calendar year 2015.

7. It is WEH's responsibility to account for and pay Distributable Cash to EIH on each distribution date when a distribution is otherwise payable to EIH pursuant to the LLCA.

8. WEH has breached its obligations to EIH pursuant to the LLCA by failing to report and account to EIH the amounts of Distributable Cash EIH has been entitled to on Distributions Dates and, additionally, by failing to pay EIH the Distributable Cash to which it is entitled under the LLCA.

9. WEH has retained some of the Distributable Cash otherwise due to EIH, allegedly to pay legal expenses EIH agreed to pay pursuant to PSA.  On information and belief, EIH alleges that these payments withheld by WEH have more than paid the amount of legal expenses owed and paid by EIH under the terms of the PSA.

10.     On information and belief, EIH alleges that, despite WEH's retention of Exergy's Distributable Cash payment to EIH to pay legal expenses as described in the preceding paragraph of this Counterclaim, Exergy has received distributions and Distributable Cash payable to EIH which WEH has refused to pay to it as required by the LLCA and has also breached the LLCA by refusing to report to EIH on a quarterly basis the amount of Distributable Cash Exergy has received which is due and payable to EIH.

WHEREFORE, EIH requests the Court to enter orders providing it with the following relief:

1.      Finding the EIH owes nothing to WEH pursuant to the PSA and dismissing Count I of WEH's Complaint, with prejudice.

2.      Determining and awarding EIH the amounts of unpaid Distributable Cash it is entitled to receive pursuant to the LLCA.

3.      Ordering WEH to prepare and submit to EIH financial statements, as required in Section 7.3 of the LLCA.

4.      Awarding EIH its costs and expenses incurred in connection with this action.

5.      Such any other and further relief which is just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

EIH requests a trial by jury of all issues triable to a jury in this action.

RESPECTFULLY SUBMITTED this 6th day of August, 2015.

By */s/ Tom W. Stonecipher*
Tom W. Stonecipher
Matt J. Kelly
TARLOW & STONECIPHER, PLLC
1705 West College Street
Bozeman, MT 59715-4913
Phone: (406) 586-9714
Facsimile: (406) 586-9720
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2015, a true and correct copy of this document was served on the following person(s) by:

| | |
|---|---|
| _1,2,3 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of U.S. District Court

2. Kimberly A. Beatty
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
kim@bkbh.com

3. James D. Benak
Tetzlaff Law Offices, LLC
227 West Monroe Street, Suite 3650
Chicago, IL 60606
jbenak@tetzlafflegal.com

*Attorneys for Plaintiff*

                                                  s/ *Tom W. Stonecipher*
                                                  Tom W. Stonecipher