


Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
PO Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile:  (406) 443-6883
kim@bkbh.com

James D. Benak (Admitted *Pro Hac Vice*)
Tetzlaff Law Offices, LLC
227 W. Monroe Street, Suite 3650
Chicago, IL  60606
Telephone:  (312) 574-1050
Facsimile:  (312) 574-1001
Jbenak@tetzlafflegal.com

Attorneys for WEH Magic Valley Holdings, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WEH Magic Valley Holdings, LLC, a limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>EIH Parent, LLC, a limited liability company and James Carkulis, an individual,<br><br>Defendants. | Case No. CV-15-00050-H-SEH<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIM OF DEFENDANT EIH PARENT, LLC** |

Plaintiff WEH Magic Valley Holdings, LLC (hereinafter "Plaintiff" or

"WEH") through its attorneys Tetzlaff Law Offices, LLC, and Browning,

Kaleczyc, Berry & Hoven, P.C., answers the Counterclaim of Defendant EIH Parent LLC (hereinafter "EIH") as follows:

## ANSWER TO COUNTERCLAIM

1. WEH admits that WEH and EIH agreed to amend the limited liability company agreement of Exergy, but denies the remainder of paragraph 1.

2. WEH admits the allegations of paragraph 2.

3. WEH admits that Section 7.3 of the LLCA requires WEH to create and distribute quarterly and annual financial statements, but denies the remainder of paragraph 3. Further answering, WEH alleges that it has provided all information required by the LLCA and additional information as requested by James Carkulis.

4. WEH admits the allegations of paragraph 4.

5. WEH admits the allegations of paragraph 5.

6. WEH admits the allegations of paragraph 6.

7. WEH admits the allegations of paragraph 7, but denies that any distribution was payable to EIH on any distribution date.

8. WEH denies that it has breached any obligation to EIH pursuant to the LLCA as alleged in paragraph 8. Further answering, WEH alleges it has provided all information required by the LLCA and additional information as requested by James Carkulis. WEH denies that EIH was or is entitled to any Distributable Cash

under the LLCA.  WEH alleges that EIH owes WEH $67,887 under Section 6.2.5 of the PSA which obligates EIH to pay WEH 50% of all legal fees incurred in connection with the PSA, and as of May 1, 2015 EIH owes WEH $67,887 on that obligation, while the Distributable Cash to which EIH is otherwise entitled is only $8,097, and under Section 6.6 of the LCCA, WEH is entitled to withhold distributions to EIH until all amounts it owes WEH under the PSA have been paid.

9.     WEH admits that it has retained Distributable Cash otherwise due to EIH to pay legal expenses EIH agreed to pay pursuant to PSA, but denies the remainder of paragraph 9.  Further answering, WEH alleges that the amount due from EIH to WEH under the PSA exceeds any Distributable Cash otherwise due to EIH but retained by WEH and denies that EIH is owed any Distributable Cash or any other amounts from WEH under the PSA.

10.    WEH denies the allegations of paragraph 10 and each of them and incorporates by reference its affirmative allegations in response to paragraphs 8 and 9 above as if fully set forth herein.

## AFFIRMATIVE DEFENSE—PAYMENT

For its affirmative defense to the Counterclaim of EIH, WEH states as follows:

1.     In addition to amounts claimed against EIH and Carkulis for diversion of the Supplemental Distribution, under Section 6.2.5 of the PSA, EIH owes WEH

50% of all third-party legal fees incurred in connection with the PSA.  EIH has breached the PSA by failing and refusing to pay amounts owed under that section.  As of May 1, 2015, the amounts owed to WEH by EIH total over $67,877.

    2.    Section 6.6 of the LLCA provides for holdback by WEH of amounts to which EIH would otherwise be entitled, to pay for amounts owed by EIH to WEH under the PSA.  WEH has held back the distributions to which EIH would otherwise be entitled, totaling $8,097, under Section 6.6 of the LLCA.  Under the LLCA and the PSA, even after the application of distributions to which EIH would otherwise be entitled, it still owes WEH over $58,000 for legal fees alone.

    3.    EIH has breached the PSA, and has been credited with all distributions to which it would otherwise be entitled under the LLCA.  In other words, EIH has been paid all amounts it is owed.

WHEREFORE, having fully answered Defendant's Counterclaim, Plaintiff requests this Court dismiss EIH's Counterclaim in its entirety and award Plaintiff its costs, attorneys' fees and whatever further relief this Court deems appropriate.

///

DATED this 11th day of September, 2015.

       BROWNING, KALECZYC, BERRY & HOVEN, P.C.


       By /s/ Kimberly A. Beatty
         Kimberly A. Beatty

         -   AND -

       James D. Benak (Admitted *Pro Hac Vice*)
       Tetzlaff Law Offices, LLC

       Attorneys for WEH Magic Valley Holdings, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that on the 11th day of September, 2015, a true copy of the foregoing was served:

Via ECF to the following parties:

Tom W. Stonecipher
Matt J. Kelly
Tarlow & Stonecipher, PLLC
1705 West College St.
Bozeman, MT  59715-4913


      /s/ Kimberly A. Beatty
      BROWNING, KALECZYC, BERRY & HOVEN, P.C.