# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

|   |   |
|---|---|
| WEH Magic Valley Holdings, LLC, a limited liability corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EIH Parent, LLC, a limited liability company and James Carkulis, an individual,<br><br>Defendants. | No. CV-15-50-H-SEH<br><br>**ORDER AND MEMORANDUM** |

On June 29, 2017, the Court supplemented and in part replaced prior scheduling orders in this case. Thereafter and as ordered by the Court, motions and briefs were filed directed to:

> (1) the attorneys' fees issue in Count I of the Second Amended Complaint; (2) remaining issues in Counts II, III, IV, and VI [sic] as asserted against Carkulis individually in the Second Amended Complaint; and (3) issues related to Defendants' Counterclaim as asserted against Plaintiff in Defendants' Answer to Second Amended Complaint. Each party shall file a response, if appropriate, with supporting documents, on or before August 4, 2017. An optional reply brief shall be due on or before August 18, 2017.[1]

The materials filed in support and in opposition to the several pending

---

[1] Doc. 141 at 2.

motions encompass over 117 pages of briefing, over 55 combined statements of undisputed facts and disputed facts in over 85 pages of materials in support and in opposition to motions,[2] some 125 of which are asserted to be additional facts that, in turn, reference to over 254 separate citations to other materials said to support either disputed or undisputed facts.

The support materials as submitted also include compilations of selected parts of, but not complete, texts of several depositions. Such incomplete compilations render virtually impossible the task of deciphering whether the selected materials made available to the Court accurately reflect the complete content of the depositions referenced.

Documents separately identified in the undisputed and disputed fact statements or offered in support of such statements, likewise, are not sufficiently identified or authenticated to enable the Court, without additional information not provided, to permit a reasoned decision to be made as to whether the documents referenced would be admissible in evidence at trial.

Four separate affidavits or declarations totaling 383 pages have been

---

[2] Defendants' Statement of Disputed and Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 154) fails to comply with L.R. 56.1(b)(1) which states a party opposing a motion for summary judgment must– when asserting if the moving party's Statement is undisputed or disputed– "set forth verbatim the moving party's Statement."

submitted, some of which were by counsel of record and which may raise, other issues aside, the question of whether such counsel have, by that action, made himself or herself a percipient witness subject to, *inter alia*, Mont. R. Prof. Conduct 3.7 (2014).

In summary, the filings now before the Court, directed to new pending issues, encompass over 590 separate pages of material and some 16 separate documents that the Court will be required to review and digest to discern if feasible whether a moving party has established sufficient undisputed material facts to entitle it to particular relief as requested.

The summary judgment process is undoubtedly an important component of our civil justice system. It is not, however, a document driven replacement for trial on the merits by which the trial judge is expected to take on and carry out the task of divining undisputed relevant material fact truth from a myriad of varying and often conflicting factual accounts, recollections and inferences. Summary judgment is not an out-of-courtroom, weight of paper substitute for trial on the merits, which, itself remains as a bedrock of our system of justice.

In this case, the Court has determined it is inappropriate to order summary judgment on issues raised by the pending motions on the record as it is now characterized and presented in the filings by the parties. Obvious issues of

material fact are present and remain that preclude any such order. To undertake to do so would require an inordinate waste of counsel and court resources, do little or nothing to advance the merit dispute resolution process and would in the end even further delay disposition of the case.

ORDERED:

The pending motions for summary judgement are denied.[3] Each party shall have the option to and including September 22, 2017, in which to refile a motion for summary judgment, briefs and supporting papers, in whole or in part, in appropriate form and content warranting merit consideration under Fed. R. Civ. P. 56.

DATED this 5th day of September, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

Memorandum

If summary judgment motions are submitted, the parties are strongly urged to limit requests for relief to those in which counsel are prepared to represent to the court that the relief sought is fully supported by controlling principals of law

---

[3] Doc. Nos. 142 and 146.

and undisputed material facts.

Factual statements that are expected to require the Court to search the record or to undertake a process of fact resolution or determination, or which would require the Court to resolve questions as to which fact issues are material and which are not should be avoided.